**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF TENNESSEE**

**SOUTHERN DIVISION (CHATTANOOGA)**

**Joya Farquharson,**
Plaintiff,

v.

**Covenant Transportation Group, Inc.,**
Defendant.

Civil Action No. 1:26-CV-10
(Jury Trial Demanded)

FILED
JAN 13 2026
Clerk, U. S. District Court
Eastern District of Tennessee
At Chattanooga

## COMPLAINT

Plaintiff Joya Farquharson ("Plaintiff"), proceeding **pro se**, for her Complaint against Defendant Covenant Transportation Group, Inc. ("Defendant"), alleges as follows:

## I. PARTIES

1. Plaintiff is an individual who resides in **North Carolina** and was formerly employed by Defendant as an **Over-the-Road Truck Driver** operating out of **Chattanooga, Tennessee**.

2. Defendant Covenant Transportation Group, Inc. is a private employer engaged in interstate commerce and operating facilities and business operations in **Chattanooga, Tennessee**. Defendant employs more than fifteen (15) employees and is subject to the requirements of **Title VII of the Civil Rights Act of 1964** and the **Pregnant Workers Fairness Act**.

## II. JURISDICTION AND VENUE

3. This action arises under **Title VII of the Civil Rights Act of 1964**, as amended by the **Pregnancy Discrimination Act**, 42 U.S.C. § 2000e et seq., and the **Pregnant Workers Fairness Act**, 42 U.S.C. § 2000gg et seq.

4. This Court has subject-matter jurisdiction pursuant to **28 U.S.C. § 1331**.

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3) because the unlawful employment practices occurred in this judicial district and Defendant conducts business within this district.

## III. EXHAUSTION OF ADMINISTRATIVE REMEDIES

6. Plaintiff timely filed a charge of discrimination with the **Equal Employment Opportunity Commission ("EEOC")**.

7. On or about January 7, 2026, Plaintiff received a **Notice of Right to Sue** from the EEOC.

8. This action is filed within **ninety (90) days** of Plaintiff's receipt of the Notice of Right to Sue.

## IV. FACTUAL ALLEGATIONS

9. Plaintiff was employed by Defendant as an **Over-the-Road Truck Driver** beginning on or about **May 1, 2024,** operating out of Chattanooga, Tennessee.

10. In or around **May 2024**, Plaintiff disclosed her pregnancy to Defendant.

11. During the course of her pregnancy, Plaintiff experienced **pregnancy-related medical limitations**, including **anemia that resulted in pregnancy complications**, and her pregnancy was deemed **high risk** by her medical provider.

12. Plaintiff was able to continue working if provided with **reasonable accommodation**.

13. Beginning in or around **July 2024,** and continuing through **September 2024,** Plaintiff **verbally requested reasonable accommodation related to her pregnancy** from her supervisor, dispatcher, and/or Human Resources.

14. These accommodation requests included **more frequent breaks and shorter driving routes** to address Plaintiff's pregnancy-related anemia and associated complications.

15. Defendant was aware of Plaintiff's pregnancy and pregnancy-related limitations at the time these requests were made.

16. Defendant **denied Plaintiff's requests for accommodation** and did not provide any alternative accommodation.

17. Defendant further **failed to engage in an interactive process** to identify reasonable accommodation that would have allowed Plaintiff to continue working.

18. Plaintiff informed Defendant that she could not safely continue performing her job duties without accommodation.

19. Despite this, Defendant maintained its refusal to provide accommodation for Plaintiff's pregnancy-related limitations.

20. As a result of Defendant's refusal to provide reasonable accommodation, Plaintiff was constructively discharged and left with no reasonable alternative but to resign from her position in or around September 5, 2024.

21. Defendant's actions caused Plaintiff to suffer **lost wages, loss of employment benefits, emotional distress**, and other damages.

## V. CLAIM ONE

**(Pregnant Workers Fairness Act – 42 U.S.C. § 2000gg et seq.)**

22. Plaintiff realleges and incorporates paragraphs 1–21 as if fully set forth herein.

23. Plaintiff had **known pregnancy-related limitations** within the meaning of the Pregnant Workers Fairness Act.

24. Plaintiff requested **reasonable accommodation** for those limitations.

25. Defendant **failed to provide reasonable accommodation, failed to engage in an interactive process,** and **denied accommodation without demonstrating undue hardship,** in violation of the PWFA.

26. Defendant's refusal to accommodate unlawfully forced Plaintiff out of the workplace instead of allowing her to continue working with reasonable accommodation.

## VI. CLAIM TWO

**(Pregnancy Discrimination – Title VII / Pregnancy Discrimination Act)**

27. Plaintiff realleges and incorporates paragraphs 1–26 as if fully set forth herein.

28. Plaintiff was a member of a protected class based on **pregnancy and related medical conditions.**

29. Defendant treated Plaintiff less favorably than employees with comparable temporary medical limitations by denying reasonable accommodation for pregnancy-related limitations.

30. Defendant's actions constituted **discrimination on the basis of pregnancy** in violation of Title VII, as amended by the Pregnancy Discrimination Act.

## VII. DAMAGES

31. As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has suffered:

a. Lost wages and income;
b. Loss of employment benefits;
c. Emotional distress, humiliation, and mental anguish; and
d. Other compensatory damages allowed by law.

## VIII. JURY DEMAND

32. Plaintiff demands a **trial by jury** on all issues so triable.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendant violated the Pregnant Workers Fairness Act and Title VII;

B. Award Plaintiff back pay and lost benefits;

C. Award compensatory damages for emotional distress;

D. Award front pay in lieu of reinstatement;

E. Award costs and expenses pursuant to statute; and

F. Grant such other and further relief as the Court deems just and proper.

G. Award all damages available under applicable statutes, including statutory damages.

Respectfully submitted

*signature*

**Joya Farquharson**
Plaintiff, Pro Se
17 Melba Dr
Lumberton, NC 28360
Phone: (518) 866-1741
Email: Shanega14@gmail.com

Date: 1/9/2026